UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINH HUU PHUNG,

    Petitioner,

v.                                      CASE NO. 04-CV-73582-DT
                                        HONORABLE AVERN COHN

THOMAS BELL,

    Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

### I. Introduction

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner Vinh Huu Phung claims that his state and federal rights were violated at sentencing. Respondent argues that the petition should be denied on the grounds that Petitioner's claims are not cognizable on habeas review and are based on a strained reading of the transcript. The Court agrees that Petitioner's claims do not warrant habeas relief and that the habeas petition must be denied. The reasons follow.

### II. Background

On May 1, 2000, Petitioner pleaded guilty in Iosco County, Michigan to safe breaking, MICH. COMP. LAWS § 750.531. In exchange for his plea, the parties agreed that Petitioner would not be charged as a habitual offender and that two other charges against him would be dismissed. The sentencing guidelines called for a minimum sentence of 43 to 86 months, but the trial court sentenced Petitioner to imprisonment for

a minimum of 107 months (eight years, eleven months) and a maximum of 300 months (twenty-five years).

Petitioner appealed his sentence, claiming that

the trial court abused its discretion when . . . it based the sentence upon Defendant's ethnicity and determined that the preselection of the victim by the defendant formed a basis for scoring 15 points under [offense variable] 10 and[,] without finding a substantial and compelling reason to depart from the appropriate guidelines[,] determined that preselection of the victim also provided a basis for an upward departure from the appropriate guideline range.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented.  See People v. Phung, No. 232603 (Mich. Ct. App. Apr. 9, 2001).

Petitioner raised the same claim in the Michigan Supreme Court, which remanded the case to the court of appeals "for consideration as on leave granted." People v. Phung, 639 N.W.2d 808 (2002).  The Michigan Supreme Court directed the court of appeals "to determine whether the trial court's focus on the ethnicity of the victims and the defendant was appropriate to justify an increased sentence where it appears that defendant's consideration of the victims' ethnicity was based on his perception of the relative ease of stealing from persons of such ethnicity."  Id.  The Michigan Court of Appeals affirmed Petitioner's sentence on remand, see People v. Phung, No. 239098 (Mich. Ct. App. June 12, 2003), and the Michigan Supreme Court subsequently denied leave to appeal because it was "not persuaded that the question presented should be reviewed."  People v. Phung, 670 N.W.2d 673 (2003).

Petitioner filed his pro se habeas corpus petition on September 15, 2004.  The sole ground for relief is the same issue that was raised in state court.  Petitioner contends that the issue is two-fold:  (1) whether the trial court abused its discretion and

scored offense variable 10 on the basis of information not present in the record and (2) whether the trial court illegally departed from the sentencing guidelines on the bases of Petitioner's ethnicity and the same arbitrary information it used to score offense variable 10.

### III.  Discussion

### A.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 413 (2000).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.  When, as here, the state court has not addressed or resolved claims based on federal law, the decision is not an "adjudication on the merits" and a federal habeas court must review such unaddressed claims de novo.  Howard v.

3

Bouchard, __ F.3d __, __, No. 03-1850, 2005 WL 976980, at *5 (6th Cir. Apr. 28, 2005).

### B. Scoring of Offense Variable 10

The first habeas claim alleges that the trial court abused its discretion when scoring offense variable 10 of the Michigan sentencing guidelines. Offense variable 10 assesses the vulnerability of the victim. Petitioner contends that the trial court's score was based on information not present in the record. He argued at his sentencing that the victims were not vulnerable because they were not at home when Petitioner and his co-defendants entered the victims' residence to take a safe. (Tr. June 5, 2000, at 3-4.)

Petitioner's argument that the trial court misinterpreted the Michigan Sentencing Guidelines is not a federal constitutional claim cognizable under § 2254. Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). And "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam)." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The due process component of Petitioner's claim requires the Court to consider whether the sentencing judge relied on extensively and materially false information, which Petitioner had no opportunity to rebut. See Townsend v. Burke, 334 U.S. 736, 741 (1948). The trial court determined from the presentence report that Petitioner and his co-defendants focused on ethnic Chinese victims and "scouted out" their victims in advance, stating in relevant part:

> –and predatory conduct as defined in paragraph two of OV 10 means pre-

4

offense conduct directed at a victim for the primary purpose of victimization. In this case, the presentence report indicates Defendants focused on Ethnic Chinese victims, that hey [sic] scouted out their victims in advance. At plea taking, it was indicated that the victim was surveilled some several months prior to the actual crime by following the victim from place of business to the residence to ascertain their residence, that, as I said, the victim was chosen because of his ethnicity, and, therefore, I find predatory conduct certainly existed in this case. This was a victim that was stalked and his home located, specifically, his or her, and the 15 points is appropriate.

(Tr. June 5, 2000, at 4.)

Petitioner does not deny that he intentionally chose ethnic Chinese victims based on the likelihood that they would have large amounts of cash in the home.[1] In fact, he informed the person who prepared his pre-sentence report that Chinese people often keep large sums of money in their homes and that he and his cousin previously had broken into the homes of Chinese people for this reason. He also admitted knowing that there was a Chinese restaurant in the Tawas area and that he went along with his cousin's suggestion to commit an offense there.

The record does not support the contention that the trial court relied on false information. The trial court's determination that Petitioner engaged in predatory conduct was a reasonable determination of the facts. It is clear that the trial court added the points based the well-supported finding that the victims were targeted. Guidelines scoring in Michigan is a complex exercise; the trial court carefully reviewed the evidence and rendered an appropriate scoring based on the record. Therefore, Petitioner's right to due process was not violated, and he is not entitled to the writ of habeas corpus on the basis of his first claim.

---

[1] According to the pre-sentence report in this case, Petitioner stole a safe containing $50,000 in cash, plus other valuables, from the victims' home.

### C.  Upward Departure from the Sentencing Guidelines

Petitioner next claims that the trial court departed upward from the sentencing guidelines on the basis of Petitioner's race (Asian) and on the same arbitrary information that the court used to score offense variable 10.  State law requires sentencing judges to provide a substantial and compelling reason for departing from the sentencing guidelines.  See MICH. COMP. LAWS 769.34(3).  The sentencing judge may not use an individual's ethnicity or national origin to depart from the sentencing guidelines.  MICH. COMP. LAWS 769.34(3)(a).  Nor may the judge rely on an offense or offender characteristic that has already been taken into account in determining the appropriate sentence range.  MICH. COMP. LAWS 769.34(3)(b).  An exception exists when the judge finds that the characteristic was given inadequate or disproportionate weight. Id.

#### 1.  Ethnicity

Whether the trial court stated a substantial and compelling reason for departing from the sentencing guidelines is a matter of state law, Welch v. Burke, 49 F. Supp.2d 992, 1009 (E.D. Mich. 1999), and federal courts "may not issue the writ on the basis of a perceived error of state law."  Pulley v. Harris, 465 U.S. 37, 41 (1984).
The Court recognizes that "convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure," United States v. Anders, 899 F.2d 570, 575 (6th Cir. 1990), and that judges may not take into account a defendant's race, ethnicity, or nationality at sentencing, United States v. Leung, 40 F.3d 577, 586 (2d Cir. 1994).  However, there is no factual basis for Petitioner's contention that the trial court unfairly relied on his ethnicity.  When addressing offense variable 10, the trial court said

that the defendants focused on ethnic Chinese victims. (Tr. June 5, 2000, at 4.) When determining whether Petitioner was a leader in the offense, the trial court stated that Petitioner had a past pattern of burglarizing homes of ethnic Chinese. (Id. at 7.)

The trial court departed upward from the sentencing guidelines by 25% "because of the ethnic nature of this crime and the selection of victim due to ethnicity." (Id. at 10.) In reaching this decision, the trial court stated that the sentencing guidelines did

> not take into consideration the fact that this Defendant, himself, an ethnic minority in the United States, deliberately selected victims because of their race, and no[t] only on this occasion, but according to the pre-sentence report, he and his cousin had previously selected similar victims because of their race as Chinese, persons of Chinese ancestry, and although so-called hate crimes generally are persons of a different race committed against persons of a perceived racial or ethnic or religious difference, I think any selection of victims based on their race or ethnicity justifies and demands a Court considering additional sanctions.

(Id. at 9-10.)

The Michigan Court of Appeals correctly recognized that the trial court's

> comments focused on the victims and the fact that [Petitioner] specifically targeted them based on their ethnicity. The [trial judge] noted that [Petitioner] was also a member of the same ethnic minority as the victims, but he did so to demonstrate that not all ethnic crimes are committed by persons whose ethnic backgrounds differ from their victims.

Phung, Mich. Ct. App. No. 239098, at 2. This Court agrees with the state court's conclusion that the trial court's upward departure from the sentencing guidelines was based on the victim's status, not on Petitioner's ethnicity. Indeed, the trial court's reference to Petitioner's ethnicity was to put the targeting of his victims into perspective. No due process violation occurred.

### 2. Use of Allegedly Arbitrary Information

Petitioner contends that the trial court used the same arbitrary information to

exceed the sentencing guidelines as it did to score offense variable 10.  The Michigan Court of Appeals adjudicated this claim by stating that

> [t]he trial court could determine that defendant's conduct was more serious than what is considered in OV 10. Defendant did not just pick out one vulnerable victim.  He engaged in a pattern of criminal activity that targeted a specific ethnic group.  Defendant went to a number of communities where he cased Chinese restaurants, found out where their owners lived, and then broke into the owners' houses while they were at work.  The court noted on the record the matters that were taken into account in the guidelines scoring.  The court could reasonably conclude that defendant's conduct was not given adequate weight by the scoring of OV 10.

Phung, Mich. Ct. App. No. 239098, at 2.

The state courts' factual findings are presumed to be correct unless Petitioner can rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. §§ 2254(d)(2) and 2254(e)(1).  Petitioner disputes the trial court's factual finding that he stalked the victim for several months before the crime.  He alleges that, because he was living outside this country from 1997 until January of 2000, he could not have stalked the victim for several months before the offense was committed on January 27, 2000.

Petitioner does not deny the state appellate court's factual finding that he cased Chinese restaurants, found out where the owners lived, and then broke into the owners' houses while they were at work.  Therefore, even if the trial court misstated the amount of time that Petitioner supposedly subjected his victims to surveillance, the state courts' factual determination that he picked vulnerable victims was not arbitrary or unreasonable.  No due process violation occurred.

## IV.  Conclusion

Petitioner's state law claims are not cognizable on habeas review, and his federal due process claim has no merit.  Therefore, the application for the writ of

8

habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

    **SO ORDERED**.

                                    s/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

Dated: May 4, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 4, 2005, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager
                                    (313) 234-5160